

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN TRAVIS,

    Plaintiff,

  v.

CITY OF ROSEBURG, and JACK
COOLEY, individually,

    Defendants.

Civ. No. 09-6353-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiff filed suit alleging state law tort claims of defamation, false light, and interference with economic relations, and federal constitutional claims asserted under 42 U.S.C. § 1983. Defendants move to dismiss the majority of plaintiff's state law claims and for a more definite statement of plaintiff's federal constitutional claims. The motions are granted.

DISCUSSION

    As alleged in his complaint, plaintiff is employed as a firefighter by the City of Roseburg and has served as a shop

1   - OPINION AND ORDER

steward for a Collective Bargaining Unit that represents City of Roseburg firefighters. Plaintiff's claims arise from alleged statements and conduct by defendant Cooley, the Chief of the City of Roseburg Fire Department. Plaintiff alleges that Cooley uttered defamatory statements to a medical professional who was intimately acquainted with plaintiff at the time; exhibited animosity toward plaintiff by displaying identification cards of former firefighters who were terminated; falsely accused plaintiff of falsifying public records in an attempt to terminate plaintiff's employment; and stated or implied to co-workers and management-level firefighters that plaintiff was "a pedophile." Complaint, pp. 5-6. Plaintiff alleges that he was target and demoted due to his involvement in union affairs and that Cooley's conduct was intended to undermine the lawful exercise of collective bargaining rights and freedom of speech rights secured to plaintiff and other firefighters.

Defendants first move to dismiss plaintiff's defamation and false light claims. Defendants argue that absolute privilege applies to Cooley's alleged statements, because plaintiff specifically alleges that Cooley made the defamatory statements "in the course and scope of his employment" as Chief of the Roseburg Fire Department. Complaint, p. 4; see Shearer v. Lambert, 274 Or. 449, 452-54, P.2d 98 (1976); Johnson v. Brown, 193 Or. App. 375, 385-86, 91 P.3d 741 (2004); Chamberlain v. City of Portland, 184 Or. App. 487, 493-94, 56 P.3d 497 (2002). Plaintiff failed to

2   - OPINION AND ORDER

respond to defendants' motion and does not dispute this assertion. Accordingly, based on the allegations set forth in plaintiff's complaint, Cooley is entitled to absolute privilege for his statements.

Defendants next move to dismiss part of plaintiff's claim alleging interference with economic relations. Plaintiff alleges that Cooley's actions interfered with his economic relationships with the City of Roseburg and the Collective Bargaining Unit that represents firefighters. Plaintiff also alleges that Cooley interfered with his other professional and personal relationships.

Defendants argue that plaintiff cannot state a claim for interference with any economic relationship between plaintiff and the City of Roseburg, because Cooley's actions allegedly were committed within the scope of his employment as Chief of the Fire Department. Thus, as alleged, Cooley was acting on behalf of the City of Roseburg and the Fire Department and could not have been third party to plaintiff's employment relationship with the City. McGanty v. Staudenraus, 321 Or. 532, 846-47, 901 P.2d 841 (1995). Further, plaintiff cannot state a claim for interference with his professional or personal relationships, because plaintiff does not allege that those relationships involved a valid business interest or expectancy. Emmert v. No Problem Harry, Inc., 222 Or. App. 151, 159, 192 P.3d 844 (2008). To the extent plaintiff alleges that Cooley's conduct interfered with his economic relationship with the

3   - OPINION AND ORDER

Collective Bargaining Unit, the City of Roseburg is the proper defendant given plaintiff's allegations that Cooley's actions were within the scope of his employment. <u>See</u> Or. Rev. Stat. § 30.265(1).

Finally, defendants move to dismiss plaintiff's 1983 claims that arise from Cooley's alleged actions in August 2006. Defendants are correct that a two-year statute of limitations applies. <u>Id.</u> § 12.110; <u>Sain v. City of Bend</u>, 309 F.3d 1134, 1139 (9th Cir. 2002). Plaintiff filed his Complaint on October 30, 2009, and claims based on conduct occurring in August 2006 are time-barred. Defendants also move for an order requiring plaintiff to make more definite and certain his allegations that defendants violated his rights under the First and Fourteenth Amendments. Defendants maintain that plaintiff's allegations are vague and ambiguous and do not adequately explain "what conduct of which defendant violated which particular part of the First and Fourteenth Amendments." Defs.' Mem., p. 7. Plaintiff does not oppose this motion and, given the ambiguous nature of his allegations, it is granted.

CONCLUSION

Defendants' Motion to Dismiss (doc.7) is GRANTED. Plaintiff's First and Second Claims for relief are DISMISSED, plaintiff's Third Claim for Relief is DISMISSED against Cooley in its entirety and DISMISSED against the City of Roseburg as set forth above, and

plaintiff's Fourth Claim for Relief is DISMISSED with respect to conduct occurring in August 2006. Within twenty (20) days from the date of this order, plaintiff shall file an amended complaint and allege with greater specificity the factual basis for his constitutional claims alleged in his Fourth Claim for Relief.

IT IS SO ORDERED.

Dated this 20 day of May, 2010.

*/s/ Ann Aiken*
Ann Aiken
United States District Judge

5    - OPINION AND ORDER